12-616
Li v. Holder

BIA
Nelson, IJ
A087 435 783

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand thirteen.

PRESENT:
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> > *Circuit Judges.*

_____

HUAZI LI,
> *Petitioner,*

> v.                                    12-616
>                                        NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Joan Xie, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Cindy S. Ferrier,
                       Assistant Director; Tracie N. Jones,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Huazi Li, a native and citizen of China, seeks review of a February 9, 2012, order of the BIA, affirming the August 25, 2010, decision of Immigration Judge ("IJ") Barbara A. Nelson, which pretermitted, as untimely, her application for asylum and denied withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Huazi Li*, No. A087 435 783 (B.I.A. Feb. 9, 2012), *aff'g* No. A087 435 783 (Immig. Ct. New York City Aug. 25, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case. The untimeliness ruling is not challenged on this petition for review.

Under the circumstances of this case, we have reviewed the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam). Li contests only the agency's denial of withholding of removal on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

2

For applications such as Li's, which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Contrary to Li's assertions, the agency reasonably found that she was not credible due to the omission of her alleged custodial beating from her written application and testimony on direct examination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166 (providing that, for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent"). Li recounted the alleged custodial beating on cross-examination. While Li argues that the IJ's adverse credibility determination was improperly based on a single omission, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility

3

determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *See Xiu Xia Lin*, 534 F.3d at 167 (emphasis in original). As the agency reasonably noted, Li's omission concerned the only physical harm that she allegedly suffered, and Li does not dispute the fundamental importance of this omission or argue that it was sufficiently explained. Accordingly, we find that the agency's adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 166.

Because the agency's denial of withholding of removal is supported on credibility grounds, we decline to consider Li's challenge to the agency's alternative basis for denial–that she failed to establish a nexus between any harm she suffered and a protected ground. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk